# GEORGE W. BAKER *v.* CHARLES J. UFFORD.

*Variance in consideration.    Exception must affirmatively show error.*

1.    The court should not order a verdict on the ground of a variance between the proof of a consideration and its allegation, where there is evidence tending to support the allegation of consideration as laid.

2.    Trespass for the taking of a colt. The defendant pleaded title in virtue of a chattel mortgage from H. The plaintiff replied that defendant had discharged this mortgage "in consideration of a certain horse." The evidence tended to show that H. had exchanged the colt with plaintiff for a horse, which H. sold to P., taking P.'s note and transferring the same to the defendant, who applied it upon the mortgage. Further, that at the time of executing the mortgage upon the colt defendant agreed that H. might exchange it by giving him a claim upon the property received in exchange. *Held*, that this evidence tended to show that the horse received by H. for the colt and of which defendant had the avails, was the consideration for the discharge of the mortgage.

3.    One who seeks to reverse a judgment for that a party was allowed to contradict an adverse witness upon a collateral matter must make it affirmatively appear that such matter was collateral.

Trespass and trover for the taking and conversion of one three-year old bay colt. Plea, the general issue with special plea in bar. Trial by jury at the April term, 1890, Lamoille county, Munson, J., presiding. Verdict and judgment for the plaintiff. The defendant excepts. The opinion states the case.

*W. W. Miles*, for the defendant.

There was a variance between the allegation of the consideration in the replication and the proof. 1 Chit. Pl. 298, 384; 1 Greenl. Ev. (9th Ed.) 66-71; *Allen* v. *Lansing*, 10 Vt. 114;

*Wright* v. *Geer et al.*, 6 Vt. 151; *Vail* v. *Strong*, 10 Vt. 457; *Clark* v. *Todd*, I D. Chip. 213; *McDaniels* v. *Bucklin*, 13 Vt. 279.

And the court should have ordered a verdict.

*Derragon* v. *Village of Rutland*, 58 Vt. 128.

Hill's testimony was not admissible to contradict the defendant's witness, Whitney, upon an immaterial matter.

*Stevens et al.* v. *Beach*, 12 Vt. 585; 1 Greenl. Ev. 52, n. 2.

*Geo. M. Powers*, for the plaintiff.

A variance to be fatal must be a material one.

*Skinner* v. *Grant*, 12 Vt. 456; 7 Lawson's R. R. & P. §3465.

A formal variance in the statement of a consideration will be disregarded.

*Durkee* v. *Vt. Cent. R. R. Co.*, 29 Vt. 127; *Mallory* v. *Leach*, 35 Vt. 156; *Ammel* v. *Noonar*, 50 Vt. 402; *Patten* v. *Sowles*, 51 Vt. 388; *Lockwood* v. *Middlesex Mut. Assurance Co.*, 47 Conn. 557; *Jones* v. *Dow*, 142 Mass. 130; *Cunningham* v. *Kimball*, 7 Mass. 65; *Burpee* v. *Sparhawk*, 97 Mass. 341.

In this case the evidence tends to support the consideration alleged.

If there is no prejudice by reason of the variance the Supreme Court will not grant a new trial, but will permit an amendment of the pleadings.

*Cunningham* v. *Kimball, supra; Denham* v. *Bryant*, 139 Mass. 110.

The opinion of the court was delivered by

TAFT, J. This action is in tort for taking a bay colt. The defendant justified the taking by virtue of a chattel mortgage given in 1886. The plaintiff replied a release of the mortgage in consideration of a certain horse delivered by one Hill, the mortgagor, to the defendant. The making of the release was traversed. The validity of the mortgage was not questioned.

Hill was the mortgagor; the defendant, the mortgagee. The exceptions show that it appeared on trial that after the mortgage was executed, Hill exchanged the bay colt with the plaintiff, for another horse. That in May, 1888, Hill sold the horse last mentioned, to one Pike, taking a note therefor which he passed to the defendant as part payment of the original mortgage debt, who endorsed the same thereon. The exceptions then state that the foregoing "was one entire transaction * * * and was the only consideration claimed or shown for the release mentioned in said replication," *i. e.* the exchange between Hill and the plaintiff and the trade between Hill, Pike, and Ufford, constituted but one transaction.

The defendant moved the court to direct a verdict for him on the ground of a variance between the proofs and the allegation of the consideration for the release set forth in the replication. This motion was denied, the defendant excepted, and this question is before us for revision. If there was any evidence in the case tending to show the consideration stated in the replication, the action of the court was correct; for while there might have been evidence tending to show another and different consideration, it was for the jury to say what the consideration actually was, and if there was evidence in the case tending to support the allegation in the replication, the plaintiff had the right to have the question submitted to the jury. Hill testified that it was the understanding between Ufford and himself that he might exchange the colt whenever he chose, and when he got around, he, Ufford, would take claims on what property he, Hill, had left. If this was true, when Hill exchanged the colt for a horse, the lien which Ufford had on the colt would be released and his claim attach to the horse. This testimony tended to establish the consideration for the release as set forth in the replication. If Hill had authority to exchange the colt and Ufford was to have a claim on what Hill received in exchange, then the consideration for the release was the horse received by Hill which

he subsequently sold to Pike. In substance it was a release of the colt in consideration of the horse for which the colt was exchanged. We think the statement of what appears on trial refers to the exchange of the horse by Hill, as well as to the subsequent sale to Pike. Any other construction would make the subsequent statement of Hill's testimony inconsistent with the statement of what appeared on trial. The motion to order a verdict was properly denied.

The defendant excepted to the admission of evidence, and his counsel claims in his brief, that the question upon which it was admitted was a collateral one. The testimony is detailed in the exceptions, but upon what question it was admitted and used is not stated. We must presume that it was upon a question material, and not collateral, as we cannot presume error. Whether the ruling was erroneous, in case the question was collateral, we do not decide.

*Judgment affirmed.*

Powers, J., did not sit, his son being of counsel for plaintiff.